UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVONDRAE WILLIAMS,<br><br>Plaintiff,<br>v.<br><br>WILD WAVE HOLDINGS,<br><br>Defendant. | CASE NO. 2:26-cv-02887-LK<br><br>ORDER DISMISSING COMPLAINT |

This matter comes before the Court sua sponte. On August 14, 2026, United States Magistrate Judge Brian A. Tsuchida granted Plaintiff Devondrae Williams' application to proceed *in forma pauperis* ("IFP") but recommended that the complaint be reviewed under 2 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 4 at 1. Having reviewed the complaint, Dkt. No. 5, the balance of the record, and applicable law, the Court dismisses Mr. Williams' complaint for the reasons set forth below. The Court further denies Mr. Williams' motions for service of the complaint. Dkt. Nos. 6, 7.

## I. BACKGROUND

Mr. Williams' complaint states that "for years," he has "been the target of a racist organization that has been conducting an illegal investigation and concocting a conspiracy against [him] behind the scenes," with the goal of "ruin[ing] [his] reputation/Defamation, destroy[ing] [his] life, sabotage[ing], and ultimately kill[ing] [him,] starv[ing] [him] of resources, relationships, and prevent[ing] [him] from obtaining employment/Finances." Dkt. No. 5 at 8. He claims that "Wild Waves staff cooperated with and assisted this racist organization in their racist plot and conspiracy against [him] and engaged in willful misconduct to deny equal opportunity for work based on race." *Id.* Mr. Williams' complaint is hard to decipher. As best the Court can surmise, Mr. Williams' claims stem from his allegations that Defendant Wild Waves failed to call him for a scheduled job interview. *Id.* at 4. The complaint indicates that Mr. Williams brings his claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 and 42 U.S.C. § 1981. *Id.* at 3, 8. Mr. Williams seeks "$2,000,000 compensat[ion] for [emotional distress] and other remedies under the law." *Id.* at 6.

## II. DISCUSSION

### A. Legal Standard

The Court must dismiss an IFP plaintiff's case "at any time" if it determines that the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (section 1915(e) applies to all IFP complaints, not just those filed by prisoners). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). And the standard for determining whether a plaintiff has failed to state a claim under section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Id.* Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the

absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

**B. Mr. Williams' Complaint Must Be Dismissed**

Mr. Williams' Title VII claim fails because he does not allege the required elements. To establish a failure-to-hire claim under Title VII, a plaintiff must allege that "(1) she belongs to a protected class; (2) she applied for and was qualified for the position she was denied; (3) she was rejected despite her qualifications; and (4) the employer filled the position with an employee not of plaintiff's class, or continued to consider other applicants whose qualifications were comparable to plaintiff's after rejecting plaintiff." *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Plaintiff alleges that he is Black, Dkt. No. 5 at 9, but does not allege what qualifications were required for the position, that Wild Waves was aware of his race, or that the position he applied for remained open or that it was filled by applicants of other races. Mr. Williams' conclusory statements alleging racial discrimination are insufficient.[1]

Further, to establish a claim under 42 U.S.C. § 1981, Mr. Williams "must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020). 42 U.S.C. § 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474–75 (2006) (quoting 42 U.S.C. § 1981(a)). Mr. Williams does not allege existence of a contract or interference with the making of a contract; rather, he alleges that an unnamed

[1] The Court also notes that although Mr. Williams claims to have filed a charge with the EEOC on April 25, 2026, and received a Notice of Right to Sue on May 18, 2026, Dkt. No. 5 at 6, he does not attach a copy of his right to sue notice to his complaint. *See Warren v. Int'l Educ. Corp.*, No. CV-26-05878-PHX-SHD, 2026 WL 3204984, at *2 (D. Ariz. Oct. 26, 2026) (dismissing a plaintiff's complaint for failure to attach a copy of the relevant right to sue letter to his complaint).

organization "spread[] lies and brib[ed] the Wild Wave's staff," resulting in Wild Waves failing to call him for a phone interview. Dkt. No. 5 at 9. Accordingly, Mr. Williams' Section 1981 claim fails.

Finally, the Court notes that many of the allegations in the complaint appear to be factually frivolous. As the Supreme Court has stated, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

The Court will permit Mr. Williams an opportunity to cure the deficiencies in his complaint. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation modified)). If he fails to timely file an amended complaint correcting the identified deficiencies within 21 days, the Court will dismiss this action with prejudice.

## III. CONCLUSION

For the reasons explained above, Mr. Williams' complaint, Dkt. No. 5, is DISMISSED without prejudice and with leave to amend. Mr. Williams may file an amended complaint within 21 days of this Order. Mr. Williams' service-related motions are DENIED AS MOOT. Dkt. Nos. 6, 7.

Dated this 17th day of November, 2026.

Lauren King

Lauren King
United States District Judge